## LIMA HOSPITAL SOCIETY v TRUSTEES OF MONROE TOWNSHIP

Ohio Appeals, 3rd Dist, Putnam Co

No 265. Decided Oct 16, 1931

Meredith & Meredith, for plaintiff in error.

Joseph J. Labadie, Ottawa, for defendant in error.

KLINGER, J.

Liability for this kind of service against a township, is created by §3480 GC. It did not exist at common law. In other words, plaintiff asked to recover for services rendered an alleged pauper whose residence was in Monroe township, Putnam county, Ohio.

Whatever moral duty rests upon the well-to-do to aid those less fortunate, in their distress, there is, aside from the obligations attaching to husband, wife, parent, child and guardian, no legal obligation to perform that moral duty nor to recompense another who may voluntarily render the needed service, nor is there at common law any such legal duty imposed upon the community. Clearly, then, plaintiff could not recover unless by statutory authority a right of action is given.

Several things are requisite in order to charge the township. First, a person must be a pauper requiring relief; Second, the services must be performed; Third, notice in writing must be given; and, Fourth, the amount or sum that the trustees consider just, must be ascertained. So that, if any one of these four elements were missing, there would be no question but that the township was not liable.

The express language of the statute is:

"It shall be paid what the trustees determine is just and reasonable after notice, and until this is determined, no liability exists. Before this is determined the right exists to have it determined."

When the township trustees allowed what, in their opinion, was just and reasonable for this service, a legal demand existed against the township for its payment and the legal demand was for the amount so fixed by the trustees, and for nothing more.

While we are unable to find any expression from the Supreme Court upon the section of the statute as it now reads, however we do find an interpretation by the courts of a similar statute, in the 48 Oh St 577, and also in the 2 C. C. 14.

The judgment will be affirmed.

JUSTICE, PJ and CROW, J, concur.